IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Eugene Cooper,<br>also known as Eugene E. Cooper,<br><br>   Plaintiff,<br><br>vs.<br><br>Matthew B. Hamidullah, in his individual capacity; David Garcia, in his individual capacity,<br><br>   Defendants. | Civil Action No.: 4:07-00113-TLW-TER |

# ORDER

  Plaintiff, Eugene Cooper, ("plaintiff") brought this civil rights action under 42 U.S.C. § 1983. (Doc. #1). The defendants filed a motion for summary judgment on May 7, 2007. (Doc. #16). On May 8, 2007, the plaintiff was provided a copy of the motion and was given an explanation of the summary judgment procedure and the possible consequences if he failed to respond adequately, as required by <u>Rosoboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). (Doc. #17). Despite this explanation, the plaintiff did not respond. The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. The plaintiff has not responded to the order.

  This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned. (Doc. #33). In the Report, Magistrate Judge Rogers recommends that the District Court grant defendants' motion for summary judgment and dismiss the complaint. (Doc.

1

#33).  Objections to the Report were due February 22, 2008.  The plaintiff filed two motions for an extension of time to file objections both of which were granted.  Pursuant to the second extension objections to the Report were due March 12, 2008.  The plaintiff filed objections to the Report on March 14, 2008.  The Court has considered the objections to the Report.  The objections did not relate to the claims asserted by the plaintiff.  The Court issued an Order allowing plaintiff 10 (ten) days to file a response to the defendants' motion summary judgment, or additional objections to the Report which relate to the subject matter of his claim.  The plaintiff's response or objections were due March 27, 2008.  Plaintiff has not responded.

In conducting review of the plaintiff's previous objections, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the Wallace standard, the Court has carefully reviewed the Magistrate Judge's Report and Recommendation.  For the reasons articulated by the Magistrate Judge, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation is **ACCEPTED** (Doc. #33),

thus, the defendants' motion for summary judgment is **GRANTED** (Doc. #16) and the action is dismissed.

  **IT IS SO ORDERED**.

                   S/Terry L. Wooten
                   Terry L. Wooten
                   United States District Judge

March 31, 2008
Florence, South Carolina